**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILLIP G.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-2328 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Keri L. Holleb Hotaling |
| MICHELLE KING, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Phillip G. appeals the denial of his application for disability benefits by the Acting Commissioner ("Commissioner") of the Social Security Administration. For the reasons set forth below, Plaintiff's motion for summary judgment (Dkt. 18)[2] is GRANTED; Defendant's motion for summary judgment (Dkt. 23) is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## I.    BACKGROUND

### A.    Procedural History

Plaintiff seeks review of the denial of his December 7, 2020 application for disability insurance benefits, in which he alleged disability stemming from degenerative disc disease in the lumbar spine, with an amended onset date of June 11, 2020. (Administrative Record ("R.") 21-22, 220-26.) Following denials of his application at the initial and reconsideration levels and an ensuing Administrative Hearing, an Administrative Law Judge ("ALJ") issued a July 27, 2022 decision finding Plaintiff not disabled. (R. 21-30.) On March 1, 2023, the Appeals Counsel denied

---

[1]    In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2]    The Court construes Plaintiff's Brief in Support of Reversing the Administrative Decision of the Commissioner of Social Security (Dkt. 18) as a motion for summary judgment.

Plaintiff's request for review (R. 1-6), rendering the ALJ's decision the final decision of the Commissioner, reviewable by the district court under 42 U.S.C. § 405(g).

### B.    Social Security Regulations and Standard of Review

Pursuant to the Social Security Act, a person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1). To determine whether a claimant is disabled, an ALJ must apply a sequential five-step test. *See* 20 C.F.R. § 416.920(a)(4).

Judicial review of the ALJ's factual determinations is confined to ensuring those findings are supported by substantial evidence. *Martinez v. Kijakazi*, 71 F.4th 1076, 1079 (7th Cir. 2023) (citation omitted); *see also* 42 U.S.C. § 405(g). Summaries of medical evidence, while definitionally 'partial and selective,' are appropriate." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278-79 (7th Cir. 2022) (quoting *Gedatus v. Saul*, 994 F.3d 893, 903 (7th Cir. 2021)). Thus, an ALJ need not "address every piece of evidence or testimony presented but must provide a logical bridge between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Martinez*, 71 F.4th at 1080 (cleaned up).

### C.    The ALJ's Decision

In his July 27, 2022 decision, the ALJ followed the standard five-step sequential process for determining disability. (R. 15-30.) At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity between his amended onset date of June 11, 2020, and his date last insured, March 31, 2022. (R. 24.) At Step 2, the ALJ found that Plaintiff had severe impairments of: degenerative disc disease of the lumbar and thoracic spine status post thoracic spinal fusion. (*Id*.) At Step 3, the ALJ determined Plaintiff did not have an impairment or combination of

impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 24-25.)

Before Step 4, the ALJ summarized medical records and medical treatment providers' function reports, including one from Physician Assistant Certified ("PA-C") Cassandra L. McCray, who practices within the office of Plaintiff's neurosurgeon, Dr. Andrew K. Johnston, which the ALJ deemed unpersuasive. The ALJ next found Plaintiff had the Residual Functional Capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) except lift/carry 10 pounds frequently and 5 pounds occasionally; stand/walk for 2 hours in an[] 8-hour workday; occasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl; never climb ladders, ropes or scaffolds; and no exposure to hazards such as unprotected heights or moving mechanical parts." (R. 25.) At Step 4, the ALJ found Plaintiff could perform his past relevant work as a dispatcher. (R. 30.) The ALJ accordingly did not reach Step 5 and found Plaintiff not disabled.

## II.     ANALYSIS

Among other things, Plaintiff faults the ALJ for: (1) rejecting PA-C McCray's opinions that Plaintiff could stand or walk for fewer than two hours in an eight-hour workday and could never reach overhead, as "disproportionate" and unsupported by examination records; and (2) insufficiently addressing Plaintiff's subjective symptoms. The Court agrees with Plaintiff on both arguments.

### A.     The ALJ's Rejection of PA-C McCray's Opinions

As is relevant here, the ALJ found PA-C McCray's opinion "not persuasive" for being "disproportionate" to the doctor's examinations and "limit[ing] areas for which there is no support." (R. 29.) "For example," the ALJ continued, PA-C McCray opined that Plaintiff could "stand[]/walk[] less than 2-hours, which is disproportionate to the [RFC] herein limiting standing/walking to 2-hours . . .." (*Id*.) "The inconsistencies, inaccuracies and the disproportionate

3

character of her assigned limitations materially detract from the persuasiveness the PA's opinion may have carried." (*Id*.)

Even accepting that ALJs "are subject to only the most minimal of articulation requirements," *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024), the ALJ's reasoning fails to logically connect the evidence to his conclusion regarding the supportability of PA-C McCray's opinion. *See* 20 C.F.R. § 1520c; *Stacy S. v. Kijakazi*, No. 2:21-cv-00395-MJD-JMS, 2022 WL 2071098, at *3 (S.D. Ind. June 8, 2022) ("For claims filed after March 27, 2017, . . . an ALJ must evaluate the persuasiveness of all medical opinions . . . by articulating, at a minimum, whether the opinion is supported by and consistent with the evidence in the record."). The Court is particularly concerned that the ALJ rejected PA-C McCray's opinion that Plaintiff could sit, stand, or walk *less than* two hours in a workday because it was "still disproportionate to *the [RFC] herein* limiting standing/walking to 2-hours." (R. 29.) As other courts have noted, "the ALJ's decision to dismiss evidence and testimony because it is inconsistent with the RFC the ALJ himself constructed is circular" and unavailing. *See Reindl v. Astrue*, No. 09-cv-2695, 2010 WL 2893611, at *13 (N.D. Ill. July 22, 2010). "The ALJ is not at liberty to first create an RFC and then disregard the evidence that may contradict it. Rather, the ALJ must determine the RFC based on a consideration of all relevant evidence presented in the record." *Id*. at *12 (noting that "ALJ's refusal to consider [doctor's] opinion to the extent it was inconsistent with the RFC the ALJ adopted puts the cart before the horse"). The ALJ's terse rejection of PA-C McCray's opinion did nothing to remedy this problematic wording. *See Stacy S.*, 2022 WL 2071098, at *5 ("[T]he ALJ's skeletal articulation of the persuasiveness of the medical opinions is insufficient to withstand review.").

Even if the circular reasoning on Plaintiff's walk/stand limitations could be overlooked, as far as the Court can tell, PA-C McCray's conclusion regarding Plaintiff's walking ability finds

support in the records from the clinic in which she worked, which document Plaintiff's "limit[ed] [] ability to . . . stand for long periods" (R. 611), "worsening gait stability" and "very difficult time walking" (R. 773), "worsen[ing pain] with walking or standing erect," which caused him to be "very uncomfortable after 15 minutes" (R. 616, 625, 655-56, 790), "difficulty standing up straight" (R. 781), and "R leg weakness." (R. 717). (*See also* R. 824 (noting Plaintiff stated he "can walk less than 200 feet"); R. 825 (reiterating Plaintiff has "difficulty walking more than 200 feet").) Because the ALJ did not meaningfully address this evidence (beyond a recitation of some of it) to explain how he reached his conclusion regarding Plaintiff's ability to sit and stand during a workday, the Court cannot discern why he rejected PA-C McCray's limitation (that Plaintiff could sit and stand for less than two hours) in favor of a less severe limitation (that he could stand for two hours). And, given the vocational expert's testimony that a person limited to two hours sitting, one hour standing, and one hour walking could not perform the dispatcher job Plaintiff previously had performed (R. 71), the Court cannot deem the error necessarily harmless.

For completeness, the Court also rejects Defendant's feeble rejoinder that clinical findings of "a lack of neurological deficits, a normal gait, and normal sensation" (Dkt. 24 at 7) sufficiently support the ALJ's conclusion to reject PA-C McCray's opinions. The ALJ did not reference those facts in the analysis, and, in any event, "[n]ormal sensation" does not lend obvious support to the ALJ's conclusions on the sit/stand limitations; similarly, a few benign general findings at examinations do not indicate PA-C's overall opinion on Plaintiff's sit/stand limitations is unsupported, particularly where the ALJ has not at least engaged with the contrary evidence regarding sit/stand limitations. *See Plessenger v. Berryhill*, 900 F.3d 909, 914, 915 (7th Cir. 2018) (criticizing ALJ for "never fully engag[ing] with the evidence supporting Plaintiff's claim"). Further, one of the three record pages Defendant cites in support of her argument actually undermines the argument, describing Plaintiff's gait as "stable but very cautious" and emphasizing

5

Plaintiff's "difficulty standing up straight" and "severity of pain." (R. 781.) The ALJ must meaningfully address (although brevity is permitted) such contrary evidence.

### B. The ALJ's Symptom Evaluation

Plaintiff also criticizes the ALJ's symptom evaluation of Plaintiff's pain under SSR 16-3. "[A] remand may be warranted [where] the ALJ fails to adequately explain [the] subjective symptom analysis 'by discussing specific reasons supported by the record.'" *Sameria B. v. Saul*, No. 19-cv-4664, 2020 WL 4015333, at *3 (N.D. Ill. July 16, 2020); SSR 16-3p, 2017 WL 5180304, at *5, *7-8 (Oct. 25, 2017). It is not necessarily enough for the ALJ merely to acknowledge conditions or claimed symptoms without analyzing competing symptoms. *See Reinaas v. Saul*, 953 F.3d 461, 467 (7th Cir. 2020). Here, the ALJ did not meet even his "minimal" articulation burden to provide reasons supported by the record for his conclusions regarding Plaintiff's pain. *See Warnell*, 94 F.4th at 1053-54 (providing standard for ALJ opinions).

As Plaintiff notes (Dkt. 18 at 14), Plaintiff described back and rib cage pain that was constant, sharp, dull, burning, stabbing, and radiating and as being aggravated by any activity. The ALJ found that his medically determinable impairments could reasonably be expected to cause his symptoms but that his "statements regarding the intensity, persistence, and limiting effects of his or her symptoms" were "not entirely consistent with the medical evidence and other evidence in the record." (R. 26.) This obvious boilerplate statement does nothing to explain the ALJ's reasoning in rejecting Plaintiff's statements regarding the extent and limitations of his pain under the circumstances.

The ALJ's discussion of the evidence during the Administrative Hearing and in his written opinion does not further illuminate his evaluation of Plaintiff's pain symptoms. During the Hearing, the ALJ observed on the record Plaintiff was "wincing and holding [his] ribcage," and the ALJ expressed concern that "something unusual [was] going on here today" that would affect

Plaintiff's "ability to be able to continue" because "the record doesn't reflect that [he] ha[s] to hold onto [his] ribcage and . . . [is] wincing all the time." (R. 40-41.) Plaintiff immediately testified that those symptoms were not unusual but were ongoing following a failed medical procedure, and Plaintiff's counsel interjected that there was support for those behaviors in the medical record. (R. 41.) The ALJ continued with the hearing.

In his ensuing written opinion, the ALJ emphasized both that "[t]he claimant was lying down during the video hearing, holding the right side of his rib cage and wincing constantly" and that his "representative argued that this was the 'mild writ[h]ing described in the medical records on January 14, 2022." (R. 26.) In that opinion, the ALJ did not again mention Plaintiff's reclined position during the hearing or his wincing or writhing, despite documentation, in multiple examinations between May of 2021 and May of 2022, of Plaintiff's incessant "mild writhing" during doctor visits (R. 819, 825, 828, 832, 834, 838, 842, 846, 848, 851), and notes of complaints of "excruciating pain" with "[a]ny kind of exertion" (R. 834), "[e]xcruciating pain during [the] visit" (R. 835), and inability to sleep for more than a few hours due to his symptoms (R. 759, 770, 822). The ALJ rejected the severity of Plaintiff's pain but provided no logical bridge connecting his description of Plaintiff's behavior at the hearing (and the seemingly consistent documentation of his symptoms and actions in the medical record) to that decision.. *See Warnell*, 97 F.4th at 1054. *See also Lower v. Comm'r of Soc. Sec.*, 1:19 CV 2071, 2020 WL 4215391, at *10-11 (N.D. Ohio Aug. 17, 2020) (noting ALJ had improperly rejected doctor's assessment and identifying that treatment notes, in part, indicated Plaintiff had been "literally writhing in her chair" from pain); *Pamela K.S. v. Comm'r of Soc. Sec.*, No. 19-cv-1112-RJD, 2020 WL 4040908, at *11 (S.D. Ill. July 17, 2020) (finding, where "record contain[ed] years of medical records regarding [claimant's] impairments[,]" it was "both unfair and inaccurate to not integrate those medical records more thoroughly to create an adequate representation of [claimant's] complaints in comparison to the

medical evidence"). Without even a rudimentary explanation for how the evidence led to the ALJ's conclusions on this point, the Court cannot provide meaningful review, *Warnell*, 97 F.4th at 1054; the ALJ should briefly connect these dots on remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. 18) is granted, and the Commissioner's motion (Dkt. 23) is denied. The Court expresses no opinion on any other arguments Plaintiff may raise or the decision to be made on remand except to reiterate that the ALJ must build a logical bridge between the evidence in the record and the ultimate conclusions, whatever they may be, on the issues pertinent to Plaintiff's disability determination. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED: January 27, 2025

_____

Hon. Keri L. Holleb Hotaling
United States Magistrate Judge